KEEN (UNITED STATES v.). See Cases Nos. 15,510 and 15,511.

## Case No. 7,640.

### KEENAN v. SHANNON et al.

[9 N. B. R. 441; [1] 10 Phila. 219; 31 Leg. Int. 85.]

Circuit Court. E. D. Pennsylvania. March 2, 1874.

INSOLVENT CORPORATION — INJUNCTION TO RE-STRAIN OFFICIALS—APPOINTMENT OF RECEIVER —BANKRUPTCY—BANKRUPT ASSETS.

An application was made for an injunction to restrain certain parties from collecting rents from real estate in which the bankrupts have any legal or equitable interest. *Held*, that an injunction should be granted and a receiver appointed.

In bankruptcy.

CADWALADER. District Judge. The bill has already been acted upon by the granting of an interlocutory injunction restraining certain defendants from conveying, transferring, or encumbering any property, real or personal. in which the Franklin Savings Fund Society. bankrupts, have any interest, legal or equitable. The case has again been argued upon the complainant's application for an injunction to restrain the defendants, Cyrus Cadwallader. George W. Michener, and Benjamin Satterthwaite, from collecting any rents of real estate in which the bankrupts have any legal or equitable interest. Before the latter application, the court of bankruptcy had under two commissions directed summary inquiries to ascertain, first, the present available value of the mortgage

[1] [Reported by Robert D. Benedict, Esq.. and here reprinted by permission. 6 Am. Law Rev. 763, contains only a partial report.]

[1] [Reprinted from 9 N. B. R. 441, by permission.]

securities, or so-called investments, of which the bankrupts were the acknowledged owners; and, secondly, what has become of the funds which heretofore have been, or ought to have been in the possession or control of the bankrupts. Neither commission has been reported as executed. There is, however, no dispute, I believe, that the defendant, Cyrus Cadwallader, who was the principal executive officer of the bankrupt company, had used its funds as if they were his own, had speculated with them for his individual benefit, as well as for the alleged benefit of the company, and that all, or nearly all, of the company's alleged securities or investments are mortgages held in his name, or in the names of persons heretofore associated with or controlled by him. The injunction ought therefore to be granted, though a formal amendment of the bill may first be necessary.

What proportion the value of the alleged investments or securities bears to the amount of the debts of the company will probably be known very soon, but cannot now be probably conjectured. Counsel for the defendants have spoken of a committee appointed at an informal meeting of some of the creditors, and it is said this committee entertained a favorable opinion of the probable value of the assets. But this opinion, so far as I can learn, is founded more or less upon an assumption that the average value of all the mortgages approximates that of a certain portion of them upon which a large advance was made by lenders of known prudence. A contrary suggestion by counsel on the other side is, that these mortgages were probably the best of the securities, and may have been selected as the only securities which could be offered to such lenders, and that the remaining mortgages, or certain classes of them, are therefore probably inferior securities.

It is also suggested that, incidentally to the breach of trust under which mortgages paid for by the company were created, they may, to an extent as yet unknown, have been for amounts fraudulently in excess of the real value of the security.

In our present ignorance on the subject, it would be rash and unsafe to adopt the former of these opposing theories or conjectures. The presumption should not be in favor of parties, or a party, admitted to have long and systematically violated the most sacred confidence. The gentlemen who are designated as the committee of creditors are, if I understand their counsel rightly, of opinion that Cyrus Cadwallader should be allowed to continue to collect the rents of the real estate. He is, it appears, under engagements to advance from time to time, as buildings are in successive stages of construction, the money required for their completion, and this completion is said to be necessary in order to make some of the mortgages available securities to their assumed

value. It is, I believe, admitted that, as between him and the bankrupts, he is bound to make these advances with his own funds. In other words, if there had been no bankruptcy, he could not rightfully have obtained the funds from the moneys of the society. It is now said that he has no present available resources, except the rents in question, to enable him to comply with his engagements to make the necessary advances. If this means that he is insolvent, independently of his relations to or with the company, the danger of continuing his stewardship may be the greater. But I do not understand this to be the meaning intended. It is said that this committee represent creditors to a large amount. This cannot be material unless they offer to indemnify the other creditors, who take what seems at present to be a more prudent view of the subject. There may be a class of creditors willing to assume risks which they have no right to ask others to incur. The former class cannot dictate to the latter.

I was much pained by a remark on the part of the defendants that these proceedings may prevent tenants from paying rents, or may afford them a pretense for not paying. To proclaim the supposition of a danger might create it where it would not otherwise exist. But the counsel of the defendants have corrected this tendency of the remark by expressing a wish, that if the present application is granted, it should be accompanied by the appointment of a receiver. I am generally averse to this course in bankruptcy, but where the apparent titles to property are such on their face that the marshal cannot act efficiently under the usual warrant, a receivership may in some cases be indispensable. On reflection I think it so here. It will be limited to accrued and accruing interest, and to the interest on mortgages. To avoid complication and expense, the commissioner already appointed for the two purposes which have been mentioned will be appointed the receiver; and he will be authorized, under the provisional direction of the register to apply the funds in payment of necessary charges, such as taxes, etc. The receiver may, also, if he see cause, for the benefit of the general body of the creditors, report specially upon any question of the application of any funds in fulfilment of Cyrus Cadwallader's engagements to make the advances above mentioned; first ascertaining the indubitable safety of the security for such advances, and the present inability of Cyrus Cadwallader to make them from independent sources—and providing for the continuance of his ulterior liability where, and so far as, it ought to continue. The receiver may employ an out-door collector of the rents, under special orders upon tenants, by the receiver, for designated amounts, requiring a bond with sufficient surety for such collector's liability, and not giving orders to exceed at any time the sum secured.

If creditors proving to a large amount shall, by writing, request that Cyrus Cadwallader act as agent of the receiver to collect any rents, and the receiver shall concur in thinking it is, under the following limitations, expedient, he may, on Cyrus Cadwallader's giving bond, properly conditioned, with sufficient continuing surety, in five thousand dollars, give him orders, never at any one time, in the whole, exceeding that amount, on particular tenants, to pay designated sums, for which, or for their application as the receiver may by writing direct, Cyrus Cadwallader, shall account weekly or oftener if required. As to the defendant, Satterthwaite, the receiver may, if he see cause, do the like on like conditions, provided that he may, in his discretion, as to this defendant, dispense with the consent of creditors if the other conditions are fulfilled. As to the defendant, Michener, I do not see, at present, any sufficient reason to make any order. As to him the application may be renewed if necessary. It would be granted now if he appeared to stand in any relation enabling him under any pretense of right to collect any of the rents. Any party may apply for directions at any time. These orders may require modification, as the case has not been developed. They will be certified to the court of bankruptcy.

The following order was then read: This case having been heard upon the application of the complainants for an injunction restraining certain defendants, until further, from collecting any rents from real estate in which the Franklin Savings Fund Society, bankrupts, have any legal or equitable interest, the court, upon consideration, grants the injunction so to restrain the defendants, Cyrus Cadwallader and Benjamin Satterthwaite, and each of them, their and each of their agents and servants. And Edwin T. Chase, Esq., is appointed receiver for the limited and special purposes defined in the court's opinion of this date.